UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY IANNOPOLLO,

                            Plaintiff,

                                                                             <u>DECISION AND ORDER</u>

                                                                             05-CV-6106L

             v.

JO ANNE B. BARNHART,
Commissioner of Social Security,[1]

                            Defendant.
_____

       This case is before this Court for a second time in connection with plaintiff's appeal from a denial of disability insurance benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner.

       In a decision entered August 4, 2003 (*Iannopollo v. Barnhart,* 260 F.Supp2d 41), this Court reversed the Commissioner's decision and remanded for two specific purposes: to consider the treating physician's assessment of plaintiff's residual functional capacity ("RFC") and to take testimony from a vocational expert. Familiarity with that decision is presumed.

---

      [1]Plaintiff's complaint names former Commissioner of Social Security Joanne B. Barnhart as the defendant. Linda S. McMahon, the current Acting Commissioner, automatically is substituted as the defendant pursuant to Fed. R. Civ. P. 25(d)(1).

Based on this Court's decision, the Appeals Council remanded the case for an additional hearing before the same Administrative Law Judge ("ALJ") that conducted the initial hearing. Subsequent to that hearing and further proceedings, ALJ John P. Costello issued a decision on January 10, 2005, that plaintiff was not disabled under the Social Security Act. It is that decision that is now again before the Court on appeal.

The procedure that must be followed by the Commissioner in analyzing claims for benefits and the standard of review under 42 U.S.C. § 405(g) is well established and set forth in some detail in my initial decision in this case and need not be repeated here.

ALJ Costello issued a thorough, 15-page decision considering plaintiff's claim and the additional testimony taken in the case in light of this Court's remand order, and made detailed findings to support his decision. I have reviewed the record, and I believe that there is substantial evidence to support the decision of the ALJ that the plaintiff is not totally disabled.

The ALJ discussed at length the medical evidence, focusing, as he should, principally on plaintiff's knee and lower back impairments. I believe the evidence supports the ALJ's decision that plaintiff was not totally disabled. He discussed activities that plaintiff could perform and noted that at times even plaintiff's treating physician Dr. Olaf Lieberg agreed that plaintiff did not suffer total disability. In fact, the ALJ noted in his decision at p. 8 that Lieberg's notes reflected that he had advised plaintiff that he was "not totally disabled."

The ALJ recounted many of the inconsistencies in the medical reports which include reports of not insignificant activity by the plaintiff which included part-time employment and concluded that plaintiff was not disabled from performing some work, although not plaintiff's prior relevant work.

I agree with the ALJ and conclude that there is substantial evidence to support his determination that plaintiff had the requisite residual functional capacity to engage in the limited work described in the ALJ's decision and that such employment is available in the national economy.

In sum, I believe the ALJ applied the proper procedure and that the factual determinations that he made and the conclusions that he reached are certainly supported by substantial evidence, and I find no reason to modify that decision.

## CONCLUSION

The Commissioner's decision that plaintiff, Anthony Iannopollo, was not disabled is in all respects affirmed, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 18, 2007.